Francis J. Donovan, J.
In this felony prosecution the attorney for the defendant invokes the power of the court under the new section 2004-a of the Uniform District Court Act to reduce the charge from a felony to a misdemeanor. The facts briefly, as they appeared on the hearing, were as follows:
The defendant, a 19-year-old boy, was found by the police in a car and observed to make a throwing motion toward the street. Subsequently, under the car, there were found two packets of marijuana, one of which had a small portion of marijuana, the other being substantially full. The substance containing the marijuana weighed 493 grains, or approximately one and one-ninth ounces. In close proximity to the package containing marijuana there was found a smoking pipe.
Such proof appears to make out a prima facie case for a felony. At the same time it is a thin case for obtaining a conviction for a felony. It would seem almost inconceivable that a jury would convict a 19-year-old for a felony where the amount of the substance is just a shade over the dividing line between a misdemeanor and felony.
The question of law presented is whether or not a Magistrate can or should reduce a charge such as this. Diligent search by counsel and the court has failed to locate any authority having any bearing on the interpretation of this statute despite the fact that a similar statute has been in operation for many years in the neighboring City of New York.
We must first determine what the Legislature may have had in mind in enacting section 2004-a of the Uniform District Court Act. For many years, continuing to the present, it is common *800 knowledge that District Attorneys in this State have exercised the power of consenting to the reduction of charges in all courts. Such power must, of course, be exercised with discretion.
Section 2004-a contemplates that a District Attorney may consent at a felony hearing to reduce a felony to a misdemeanor. At Trial Terms, District Attorneys frequently consent to reduce felony charges when the proof available to the District Attorney would have been sufficient to make out a prima facie case of felony. The discreet exercise of such a power reduces court calendars, extends clemency or leniency in cases where such is deserved and is generally deemed in the public interest.
If section 2004-a were narrowly interpreted to limit the power of the Magistrate to reduce in those cases where the proof showed that the alleged crime was no greater than a misdemeanor, it would seem an unnecessary statute. In those cases we would assume the District Attorney would charge the misdemeanor and not indulge in a process of “ overcharging ”.
It is the opinion of the court that the Legislature intended to give the Magistrate a power paralleling the power now exercised by the District Attorney. Notwithstanding that a prima facie felony might be made out, the court can, just as the District Attorney does in every day practice, reduce the charge to a misdemeanor.
Such power may be abused but this possibility will not prevent its exercise in a proper case. The Legislature never contemplated that any Magistrate would reduce a homicide charge to a simple assault and take a plea, thus frustrating the District Attorney. The Legislature intended to trust the Judges to exercise a sound discretion.
In this case we have the fact that the amount of the substance is a minute fraction over the line between misdemeanor and felony; the defendant is only 19 years of age and without prior criminal record; the condition of the package and the presence of the pipe indicate that he is a consumer rather than a seller; the ultimate disposition in the County Court on a felony prosecution would probably be the same as in this court on a misdemeanor prosecution; and there will be a substantial saving by processing the matter in this court rather than burdening the Grand Jury and the County Court.
Bearing all of these matters in mind, and considering that the public will not be adversely affected by this disposition, it is the determination of this court that the matter should be and it is hereby reduced to a misdemeanor.